**ORDERED.**

**Dated: September 12, 2025**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Erinson R. Hernandez, | ) Case No. 6:25-bk-03109-GER |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |

**ORDER (1) GRANTING IN PART MOTION
FOR ORDER TO CONFIRM NO AUTOMATIC
STAY AND TWO-YEAR BAR OF PROSPECTIVE STAY
RELIEF AS TO REAL PROPERTY AND TERMINATING THE
CO-DEBTOR STAY AND (2) OVERRULING OBJECTION TO CLAIM NO. 2**

THIS CASE came on for hearing on August 20, 2025 at 9:30 a.m. upon *Secured Creditor's Motion for Order to Confirm No Automatic Stay Under 11 U.S.C. § [362(c)(3)][1] and Two-Year Bar of Prospective Stay Relief as to Real Property Under 11 U.S.C. § 362(d) and Terminating the Co-Debtor Stay Pursuant to 11 U.S.C. § 1301(c)* (the "Stay Relief Motion") (Doc. No. 23) filed by U.S. Bank[2] and the Response (Doc. Nos. 27 and 29)[3] thereto filed by Debtor Erinson R.

---

[1] While the title of the motion improperly cites 11 U.S.C. § 362(c)(4)(A), the body of the motion properly cites § 362(c)(3). Hereinafter, unless otherwise specified all references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] The movant identifies itself as U.S. Bank National Association, as Trustee, successor in interest to Wilmington Trust Company, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-6, as serviced by Nationstar Mortgage LLC. For brevity's sake, the Court will refer to the movant throughout this Order as "U.S. Bank" or "Movant."

[3] *Debtor's Response to Secured Creditor's Motion for Order to Confirm No Automatic Stay, Two-Year Bar, Relief Under §362(d), and Termination of Co-Debtor Stay* (Doc. No. 27); *Debtor's Objection to Secured Creditor's Motion*

Hernandez ("Debtor"). Also pending is *Debtor's Objection to Claim No. 2-1 Filed by U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-6* (the "Objection to Claim") (Doc. No. 28), which makes arguments similar to those contained in the Response.

The Court, having reviewed the Stay Relief Motion, the Response, the Objection to Claim and the record, and having considered the arguments of the parties, **FINDS, ORDERS, AND ADJUDGES as follows**:

## BACKGROUND

A.  Debtor owns real property located at 217 Southbridge Circle, Kissimmee, Florida 34744,[4] which is legally described as:

> **LOT 9 OF REMINGTON PARCEL J, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 10, PAGE(S) 152 AND 153, OF THE PUBLIC RECORDS OF OSCEOLA COUNTY, FLORIDA.**

(the "Property").

B.  On March 2, 2007, Debtor executed and delivered a note (the "Note") in the principal amount of $192,000, which is secured by a mortgage on the Property (the "Mortgage") that was executed by Debtor and co-debtor Ana G. Estevez ("Ms. Estevez").

C.  After defaulting on the loan payments, Movant filed a complaint on August 23, 2018 in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the "State Court"), seeking to foreclose the Mortgage (the "Foreclosure Action").[5]

---

*for Order to Confirm No Automatic Stay, Two-Year Bar, Relief Under §362(d), and Termination of Co-Debtor Stay* (Doc. No. 29) (collectively, the "Response").
[4] *See* Schedule A/B (Doc. No. 17).
[5] *U.S. Bank Nat'l Ass'n, as Tr., successor in interest to Wilmington Tr. Co., as Tr., successor in interest to Bank of Am. Nat'l Ass'n, as Tr., successor by merger to LaSalle Bank Nat'l Ass'n, as Tr. for Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-6 v. Hernandez*, No. 2018-CA-002678-MF (Fla. 9th Cir. Ct. filed Aug. 23, 2018). A court may take judicial notice on its own or upon a party's request at any stage of a proceeding of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot

D.	As part of the Foreclosure Action, Debtor and Ms. Estevez raised the issues of whether Movant lacks standing to enforce the note and mortgage and Movant's alleged violation of the Internal Revenue Code provisions governing Real Estate Mortgage Investment Conduits. The State Court entered orders that rejected these arguments.[6]

E.	A non-jury trial in the Foreclosure Action was scheduled for January 31, 2024; however, Debtor filed a petition under Chapter 13 of the Bankruptcy Code on January 29, 2024, commencing Case No. 6:24-bk-00394-GER (the "2024 Case"), and the trial was cancelled.

F.	The 2024 Case was dismissed on September 5, 2024 for failure to file a feasible Chapter 13 plan, and a non-jury trial in the Foreclosure Action was scheduled for May 28, 2025.

G.	Debtor filed a petition[7] under Chapter 13 of the Bankruptcy Code on May 23, 2025 (the "Petition Date"), commencing this case, and the trial scheduled for May 28, 2025 was cancelled.

H.	Debtor filed the required bankruptcy schedules on June 4, 2025,[8] claiming the Property as exempt,[9] listing Movant's claim as a disputed claim in the amount of $192,000, and valuing the Property at $339,000.[10]

I.	Debtor filed a Chapter 13 Plan, stating there was no arrearage and proposing to "maintain the current contractual installment payments" in the amount of $1,085 a month for a period of 60 months.[11] In "Part 8: Nonstandard Plan Provisions," the Chapter 13 Plan provides: "Debtor disputes the validity and enforceability of the mortgage claim asserted by U.S. Bank N.A.

---

reasonably be questioned. *See* Fed. R. Evid. 201. Accordingly, the Court takes judicial notice of the case record and docket of the Foreclosure Action.

[6] The State Court entered orders denying requests to dismiss the Foreclosure Action on these bases on August 19, 2019, September 26, 2019, March 18, 2025 and April 24, 2025.

[7] Doc. No. 1.

[8] Doc. No. 17.

[9] Doc. No. 17 at 3, 13.

[10] Doc. No. 17 at 15. Debtor listed the creditor as "Aurora Loan Services, LLC" rather than Movant.

[11] Doc. No. 19 at 2.

3

as Trustee in the [Foreclosure Action]" contending U.S. Bank lacks standing to enforce the note and mortgage and violates the Internal Revenue Code provisions governing Real Estate Mortgage Investment Conduits.[12] The monthly payments of $1,085 are proposed to serve as adequate protection payments pending resolution of Debtor's Objection to Claim.[13]

      J.      Movant filed an *Objection to Confirmation of Chapter 13 Plan*,[14] arguing, among other things, that Debtor's Chapter 13 Plan is not confirmable as it does not provide for pre-petition arrearages owed to Movant,[15] its lien cannot be avoided because the Property is Debtor's principal residence,[16] and it does not consent to the treatment of its claim as proposed by the Chapter 13 Plan.[17]

## DISCUSSION

### *Summary of Arguments*

Movant argues that the automatic stay is not in effect pursuant to § 362(c)(3) because Debtor had a pending bankruptcy case that was dismissed during the one-year period preceding the filing of this case; alternatively, Movant seeks relief from the automatic stay pursuant to § 362(d)(4) based on bad faith as evidenced by multiple bankruptcy filings affecting the Property. Movant also requests (1) imposition of a two-year bar against the automatic stay being imposed as to the Property; (2) termination of the Chapter 13 co-debtor stay pursuant to § 1301(c); (3) an

---

[12] Doc. No. 19 at 7.
[13] Doc. No. 19 at 9. While the Objection to Claim was not filed until after the Chapter 13 Plan, Debtor referred to "the claim objection" in the Chapter 13 Plan.
[14] Doc. No. 22.
[15] The objection estimated $288,864.89 in arrears. Doc. No. 22 at 1. Movant filed Proof of Claim No. 2 on July 25, 2025, asserting a secured claim in the amount of $435,650.58, of which $286,748.62 was listed as the prepetition arrearage ("Movant's Claim").
[16] *See* 11 U.S.C. § 1322(b)(2).
[17] Doc. No. 22 at 2.

award of attorneys' fees in the amount of $1,780.00 and costs in the amount of $199.00; and (4) waiver of the 14-day stay under Bankruptcy Rule[18] 4001(a)(4).

Debtor argues that the Stay Relief Motion should be denied and that Movant's Claim should be disallowed because: (1) Movant lacks standing to proceed because: (a) it has not established itself as the lawful holder of the promissory note with proper endorsements; (b) an assignment of the loan was made after a cutoff date that renders the assignment void, and "pursuant to 26 U.S.C. § 860G(a)(3)(A)(ii), such late transfers would destroy REMIC status";[19] and (c) Movant has failed to provide original documents; (2) the arrearages, fees and costs listed are inflated, unreasonable and unsubstantiated; and (3) Movant's Claim violates the Fair Debt Collection Practices Act ("FDCPA")[20] and the Florida Consumer Collection Practices Act ("FCCPA").[21]

### *Standing*

Standing is a prerequisite to seeking stay relief; a stay relief motion "cannot be brought by a stranger to the case."[22] Section 362(d) only allows a party to bring a motion for relief from stay if it establishes that it is a "party in interest."[23] Furthermore, as recognized by the First Circuit Court of Appeals in *Grella v. Salem Five Cent Savings Bank*,[24] "a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims."[25] "Rather, it is analogous to a preliminary injunction hearing, requiring a speedy

---

[18] Unless otherwise specified, all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.
[19] Doc. No. 27 at 2; *accord* Doc. No. 29 at 2.
[20] 15 U.S.C. §§ 1692-1692p.
[21] Fla. Stat. §§ 559.55-559.785. The FCCPA is a Florida state analogue to the federal FDCPA. *See Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010).
[22] *In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011).
[23] *See* 11 U.S.C. § 362(d); *see also Basson v. Fed. Mortg. Ass'n (In re Basson)*, 713 F. App'x 987, 987-88 (11th Cir. 2018). In the Eleventh Circuit, "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[24] *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26 (1st Cir. 1994).
[25] *Id.* at 33.

and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property."[26] Furthermore, "[i]f a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay."[27] This standard recognized by the First Circuit Court of Appeals in *Grella* has been adopted by several courts.[28]

Here, Debtor argues that Movant lacks standing to seek stay relief and to continue the Foreclosure Action. However, the documents attached to the Motion and Movant's Claim establish that Movant has a colorable claim to enforce the note and mortgage for purposes of obtaining relief under § 362(d).[29] "To establish standing as the holder of a note endorsed in blank, a party must be in possession of the original note."[30]

While the original Note and Mortgage have not been produced here, the circumstances are sufficient to support a colorable claim for Movant's standing to proceed with the Foreclosure Action.[31] Furthermore, as "[s]tanding is determined based on allegations," an evidentiary hearing is not required and the documentation produced by Movant is enough to establish that Movant has

---

[26] *Id.*
[27] *Id.* at 33-34.
[28] *See, e.g.*, *Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 226-27 (3d Cir. 2008); *Tucker v. SRS FS, LLC*, No. 22-cv-61866-RAR, 2023 WL 5224147, at *4 (S.D. Fla. Aug. 14, 2023); *NewRez LLC v. Dees (In re Dees)*, No. 19-66217-PWB, 2021 WL 3671110, at *4 (Bankr. N.D. Ga. Aug. 12, 2021), *aff'd sub nom. Dees v. New Rez LLC*, No. 1:21-CV-3475-JPB, 2022 WL 3030548 (N.D. Ga. July 29, 2022).
[29] *See In re Dees*, 2021 WL 3671110, at *4-5 (citing *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990)); *see also Ohlsson v. U.S. Bank Nat'l Ass'n (In re Ohlsson)*, 587 F. Supp. 3d 1144, 1150 (M.D. Fla. 2021), *aff'd*, No. 21-12784, 2022 WL 6959294 (11th Cir. Oct. 12, 2022) (finding that because the creditor had a "colorable right to payment, there [was] no clear error in the bankruptcy court's implicit determination that [the creditor] had standing to seek relief from the stay").
[30] *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing Fla. Stat. § 671.201(21) (2007), which defines "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"). The Court notes that "holder" is now defined at section 671.201(23)(a) of the Florida Statutes (2025).
[31] *See In re Dees*, 2021 WL 3671110, at *6 (citing *Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126 (9th Cir. 2013); *Solano v. Wells Fargo Bank, N.A. (In re Solano)*, No. CV 17-2811 FMO, 2019 WL 2544562, at *2 (C.D. Cal. June 19, 2019); *Vallejo v. U.S. Bank Tr., N.A. (In re Vallejo)*, No. CC-18-1015-FLS, 2018 WL 4939469, at *5 (B.A.P. 9th Cir. Oct. 11, 2018)). *But see Veal v. Am. Home Mortg. Servs. (In re Veal)*, 450 B.R. 897 (B.A.P. 9th Cir. 2011).

standing to seek stay relief.[32] The Court will therefore consider Movant's request for relief from stay, acknowledging that the State Court will determine whether Movant can enforce the Note and Mortgage at issue. The Court notes that in the Foreclosure Action, Movant had filed a motion requesting that the original Note and Mortgage be transferred to the court file in the Foreclosure Action as it had been previously filed in a prior action.[33] The State Court granted that request and directed Movant to provide envelopes to the Clerk.[34]

### *No Automatic Stay in Effect as to Debtor*

Movant requests that the Court find that, because Debtor had one case pending in the previous year that was dismissed[35] and Debtor failed to file a motion to extend the stay in this case, the stay terminated on the 30th day after the filing of this case pursuant to § 362(c)(3)(A).

Pursuant to § 362, the filing of a bankruptcy petition stays a variety of creditor actions against the debtor, the debtor's property, and property of the estate.[36] Section 362(c)(3)(A) provides that when an individual debtor in a Chapter 7, 11, or 13 case had a previous case dismissed within one year prior to filing, "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."[37] However, pursuant to § 362(c)(3)(B), the court may extend the stay "after notice and a hearing completed before the

---

[32] *See In re Basson*, 713 F. App'x at 987 n.1 (citing *Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011)).

[33] *Plaintiff's Motion to Direct Clerk to Transfer Original Note and Mortgage*, *U.S. Bank Nat'l Ass'n, as Tr., successor in interest to Wilmington Tr. Co., as Tr., successor in interest to Bank of Am. Nat'l Ass'n, as Tr., successor by merger to LaSalle Bank Nat'l Ass'n, as Tr. for Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-6 v. Hernandez*, No. 2018-CA-002678-MF (Fla. 9th Cir. Ct. Nov. 16, 2018).

[34] *Order Upon Plaintiff's Motion to Direct Clerk to Transfer Original Note and Mortgage*, *U.S. Bank Nat'l Ass'n, as Tr., successor in interest to Wilmington Tr. Co., as Tr., successor in interest to Bank of Am. Nat'l Ass'n, as Tr., successor by merger to LaSalle Bank Nat'l Ass'n, as Tr. for Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-6 v. Hernandez*, No. 2018-CA-002678-MF (Fla. 9th Cir. Ct. Feb. 20, 2019).

[35] As noted above, Debtor's 2024 Case was dismissed on September 5, 2024.

[36] 11 U.S.C. § 362(a).

[37] 11 U.S.C. § 362(c)(3)(A).

expiration of the 30-day period" if the party seeking the extension "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."[38]

Here, Debtor did not file a motion to extend the automatic stay. As a result, pursuant to § 362(c)(3)(A), the automatic stay "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease" terminated with respect to Debtor on June 23, 2025—the 30th day from the Petition Date.[39]

There is a split among courts regarding the interpretation of § 362(c)(3)(A). "[T]he majority of courts interpret the provision to mean that the automatic stay terminates only with respect to the debtor and the debtor's property, while the automatic stay remains in effect as to property of the estate."[40] "Other courts have held that the termination applies more broadly, ending the automatic stay in its entirety, including as to property of the estate."[41] There is no binding authority as to this issue.[42] The Court declines to weigh in on this issue; rather, the Court finds that the automatic stay is not in effect as to Debtor and, for the reasons set forth below, will grant relief from the automatic stay as to the Property.

### *In Rem Relief, Prospective Relief and Co-Debtor Stay*

Movant alternatively seeks relief from the stay pursuant to § 362(d)(4) based on bad faith as evidenced by multiple bankruptcy filings affecting the Property. Movant further requests a two-year bar against the automatic stay being imposed as to the Property by any bankruptcy filed by any individual or entity.

---

[38] 11 U.S.C. § 362(c)(3)(B).
[39] The 30th day from the Petition Date was June 22, 2025. However, because June 22, 2025 was a Sunday, the stay terminated on June 23, 2025. *See* Fed. R. Bankr. P. 9006(a)(1).
[40] *In re Morgan*, No. 25-30792, 2025 WL 1742435, at *3 (Bankr. N.D. Ohio June 23, 2025) (string citing cases).
[41] *Id.* (citing *Smith v. State of Me. Bureau of Revenue Servs. (In re Smith)*, 910 F.3d 576 (1st Cir. 2018)).
[42] *See Yarbra v. U.S. Bank Tr. Nat'l Ass'n (In re Yarbra)*, No. 22-51532-PMB, 2023 WL 162691, at *2 (Bankr. N.D. Ga. Jan. 11, 2023) (recognizing the lack of Eleventh Circuit case law on the issue).

8

Under the circumstances, the Court shall grant relief from the automatic stay for "cause."[43] While "cause" is not defined in the Bankruptcy Code, courts consider case-specific factors to determine cause such as "(1) whether the debtor has acted in bad faith; (2) the 'hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code'; and (3) pending state court proceedings."[44] Other considerations include "balancing prejudice to the debtor against hardship to the moving party" and judicial economy.[45] While the movant has the initial burden to show "cause" exists, "[t]he party opposing the stay relief has the ultimate burden of disproving the existence of 'cause.'"[46]

"The automatic stay is imposed to give honest debtors a hiatus from constant creditor collection actions. The stay is not intended to reward abusive debtors by continually keeping creditors from collecting legitimate claims."[47] Section 362(d)(4)(B) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay . . .
>
> . . .
>
> (4) with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . .
>
> . . .
>
> (B) multiple bankruptcy filings affecting such real property.[48]

---

[43] 11 U.S.C. § 362(d)(1).
[44] *The Disciplinary Bd. of the Sup. Ct. of Pa. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1276-77 (11th Cir. 2013) (citations omitted).
[45] *In re Mack*, 347 B.R. 911, 916 (Bankr. M.D. Fla. 2006).
[46] *Builders Ins. Grp., Inc. v. R.J. Groover Constr., LLC (In re R.J. Groover Constr., LLC)*, 411 B.R. 473, 477 (Bankr. S.D. Ga. 2008) (citing 11 U.S.C. § 362(g)(2)).
[47] *In re Zalloum*, No. 6:17-bk-02329-KSJ, 2019 WL 548545, at *9 (Bankr. M.D. Fla. Feb. 11, 2019).
[48] 11 U.S.C. § 362(d)(4)(B).

"[T]he *in rem* remedy is specifically tailored to the problem of abusive use of the stay, provides certainty for the creditor, and does not unfairly affect the positions of other parties in interest."[49]

Here, Debtor and co-debtor Ms. Estevez have filed seven bankruptcy petitions since defaulting on the mortgage, four of which were after the filing of the Foreclosure Action.[50] Because Debtor and Ms. Estevez have filed multiple bankruptcies to delay or hinder the foreclosure process that have affected the Property, the Court finds Movant is entitled to relief from the stay as well as prospective relief as to the Property for a period of two years from entry of this Order pursuant to § 362(d)(4)(B). Additionally, the Court finds that relief from the codebtor stay as to Ms. Estevez is appropriate under § 1301(c)(3) because Movant has been harmed by repeated bankruptcy filings, which have frustrated Movant's foreclosure efforts; this harm may continue if Movant is further stayed by § 1301(a).

### *Debtor's Other Arguments*

Debtor also argues that Movant's Claim is an unlawful collection practice in violation of the FDCPA and the FCCPA.[51] The FDCPA, and similarly FCCPA, provide "a private right of action in which any debt collector that violates its provisions is liable for actual and statutory damages, attorneys' fees, and costs,"[52] and is not a basis for an objection to claim.[53] The arguments raised by Debtor are affirmative defenses to be addressed in State Court[54] and "the filing of a claim

---

[49] *Aurora Loan Servs., Inc. v. Amey (In re Amey)*, 314 B.R. 864, 869 (Bankr. N.D. Ga. 2004).
[50] *See In re Estevez*, No. 6:14-bk-10479-RAC (Bankr. M.D. Fla. filed Sep. 15, 2014) (Ms. Estevez received a standard discharge); *In re Hernandez*, No. 6:15-bk-02502-KSJ (filed Bankr. M.D. Fla. filed Mar. 24, 2015) (dismissed for failure to file information); *In re Estevez*, No. 6:17-bk-05753-KSJ (Bankr. M.D. Fla. filed Aug. 28, 2017) (dismissed for failure to make plan payments); *In re Hernandez*, No. 6:21-bk-01774-GER (Bankr. M.D. Fla. filed Apr. 19, 2021) (dismissed for failure to file motion to modify confirmed plan); *In re Estevez*, No. 6:23-bk-00624-LVV (Bankr. M.D. Fla. filed Feb. 21, 2023) (voluntarily dismissed); *In re Hernandez*, No. 6:24-bk-00394-GER (Bankr. M.D. Fla. filed Jan. 29, 2024) (dismissed for failure to file feasible plan).
[51] Doc. No. 28 at 2. Debtor refers to the acronyms and cites to the relevant statutes.
[52] *Somohano v. PRA Receivables Mgmt. (In re Soler Somohano)*, 819 F. App'x 873, 875 (11th Cir. 2020) (citing *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011)).
[53] *See In re Letennier*, No. 23-60531-6-PGR, 2024 WL 1596883, at *4 (Bankr. N.D.N.Y. Apr. 11, 2024).
[54] As noted above, the State Court has already rejected multiple arguments raised by Debtor in this case.

is not 'false' simply because affirmative defenses to payment (such as statute of limitations) may exist."[55] Furthermore, while Debtor argues that Movant's Claim is improperly calculated, because the Court is granting stay relief for Movant to pursue the Foreclosure Action, the Court finds it unnecessary to rule at this time on that issue.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. No. 23) is **GRANTED IN PART** as set forth herein.

2. Pursuant to § 362(c)(3)(A), the automatic stay terminated on June 23, 2025 with respect to Debtor.

3. The automatic stay in effect pursuant to § 362(a) is terminated as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest may take any and all action under applicable state law to exercise its *in rem* remedies against the Property.

4. The co-debtor stay under § 1301(a) is terminated as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest may take any and all action under applicable state law to exercise its *in rem* remedies against the Property.

5. The automatic stay is annulled in any future case involving the Property for a period of **two years** from the entry of this Order. No bankruptcy petition filed in such two-year period will stay the foreclosure of the Property. Clerks of Court may issue sale notices and certificates of title or sale with respect to the Property without further order of this Court.

6. Movant's request to waive the 14-day stay pursuant to Bankruptcy Rule 4001(a)(4) is granted and this Order is effective immediately.

---

[55] *Fears v. Sys. & Servs. Techs., Inc.*, No. 1:19-CV-0983-WMR-JSA, 2019 WL 11343546, at *4 (N.D. Ga. Sep. 11, 2019) (citing *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 228, 137 S. Ct. 1407, 1411-12, 197 L. Ed. 2d 790 (2017)), *report and recommendation adopted*, No. 1:19-CV-00983-WMR, 2020 WL 7351112 (N.D. Ga. Mar. 25, 2020).

11

7.        The Objection to Claim (Doc. No. 28) is **OVERRULED**.

8.        The Court finds the attorneys' fees and costs requested by Movant are reasonable and awards attorneys' fees in the amount of $1,780.00 and costs of $199.00, which amounts are enforceable against the Property.

# # #

Attorney Reka Beane is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.