UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERINSON R. HERNANDEZ,

     Appellant,

v.                                                                          Case No: 6:25-cv-2050-JSS

U.S. BANK NATIONAL
ASSOCIATION,

     Appellee.

_____/

## ORDER

Appellant, proceeding pro se,[1] has filed an emergency motion for a stay pending this bankruptcy appeal. (*See* Dkt. 17; *see also* Dkts. 9, 11-1, 18, 19, 20, 23.) Upon consideration, the court denies the motion.

"A stay pending appeal is an 'extraordinary remedy.'" *In re Woide*, 730 F. App'x 731, 737 (11th Cir. 2018) (quoting *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc)). The party seeking the stay must satisfy four requirements: (1) "a substantial likelihood that [the party] will prevail on the merits of the appeal," (2) "a substantial risk of irreparable injury to [the party] unless the stay is granted," (3) "no substantial harm to other interested persons," and (4) "no harm to the public interest." *Id.* (alteration adopted) (quoting same). The first requirement is generally

---

[1] Although courts "give liberal construction" to pro se filings, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se parties are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se parties does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

the most important. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). However, a court may grant a motion to stay pending appeal "upon a lesser showing of a substantial case on the merits when the balance of the equities" pertaining to the other requirements "weighs heavily in favor of granting the stay." *Id.* (quotation omitted). (*See* Dkt. 17 at 2–3.)

Appellant first moved for a stay pending appeal in the bankruptcy court, *see* Fed. R. Bankr. P. 8007(a)(1), and the motion was denied. (*See* Dkt. 17 at 2.) The bankruptcy court concluded that Appellant was "unlikely to prevail on the merits of his appeal," the harm that the stay would cause Appellee "weigh[ed] strongly against granting" the stay, and "the balance of the equities . . . d[id] not weigh heavily in favor of granting the stay." (Dkt. 11-1 at 4–6.) In reaching these conclusions, the bankruptcy court noted that it "made specific findings" of "bad faith . . . evidenced by . . . multiple bankruptcy filings" and that "this bankruptcy case was found to be part of a scheme to delay or hinder [a] foreclosure process." (*Id.* at 4–5.) This court agrees with the bankruptcy court's well-reasoned order denying the stay.[2]

Appellant has not shown that he is entitled to the extraordinary remedy of a stay pending appeal. Accordingly, the emergency motion (Dkt. 17) is **DENIED**. *See In re Phillips*, 483 B.R. 254, 261 (M.D. Fla. 2012) (denying the appellant's emergency motion for a stay pending appeal when the appellant did not demonstrate that it would prevail on the merits and the district court determined that granting a stay would harm other interested persons).

---

[2] The court does not express any opinion on the ultimate merits of the pending appeal.

- 3 -

**ORDERED** in Orlando, Florida, on December 31, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Unrepresented Parties
Counsel of Record