UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERINSON R. HERNANDEZ,

    Appellant,

v.                                                                                 Case No: 6:25-cv-2050-JSS

U.S. BANK NATIONAL
ASSOCIATION,

    Appellee.
_____/

## ORDER

In this bankruptcy appeal, Appellant, proceeding pro se, has filed a verified complaint for declaratory and injunctive relief that also alleges due process violations under 42 U.S.C. § 1983 and fraud on the court. (Dkt. 27.) However, the purpose of this appeal is to review the bankruptcy court's order, (*see* Dkt. 1), not to provide a party with a vehicle for asserting a cause of action in the first instance. *See In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1381 (11th Cir. 2025) (identifying the purpose of an appeal as "providing meaningful appellate *review*" (emphasis added)); *Callahan v. U.S. Dep't of Health & Hum. Servs.*, 939 F.3d 1251, 1266 (11th Cir. 2019) (explaining that appellate courts are "court[s] of review, not . . . of first view"). Accordingly, the complaint (Dkt. 27) is **STRICKEN**. *See Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019) (perceiving no abuse of discretion when a court "exercis[ed] its inherent power to manage its docket to strike" an improper filing (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982))).

If Appellant wishes to assert a cause of action in the first instance, he should do so by initiating a new case in an appropriate court, and if he wishes to seek relief related to the appeal in this court, he should file a motion that fully complies with all applicable Middle District of Florida Local Rules (available at the court's https://www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf webpage). (*See* Dkt. 26 at 1 n.1 (advising Appellant that pro se parties must follow procedural rules).) The court notes that it has denied Appellant's motion for a stay pending this appeal. (*See id. passim.*) To the extent that Appellant seeks reconsideration of that denial through the verified complaint, he does not present a sufficient basis for such extraordinary relief. (*See* Dkt. 27.) *See Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993) (explaining that courts typically regard the "reconsideration of a prior order" as "an extraordinary remedy" that "must of necessity be used sparingly"); *see also Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024) ("[I]n most instances[,] district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution."). Accordingly, any request for reconsideration is **DENIED**.

**ORDERED** in Orlando, Florida, on January 12, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

- 3 -

Copies furnished to:

Unrepresented Parties
Counsel of Record